UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RONALD H. CATS,<br><br>Plaintiff,<br><br>v.<br><br>NEXTALARM.COM INC. and H. ALEXANDER ELLIOT,<br><br>Defendants. | NO.<br><br>VERIFIED COMPLAINT AND JURY DEMAND |

Plaintiff alleges as follows:

## I. PARTIES

1. Plaintiff RONALD H. CATS ("Mr. Cats" or "Plaintiff") is a United States citizen and a resident of the State of Washington.

2. Defendant NEXTALARM.COM INC., on information and belief, is a company incorporated in the State of Nevada with its principal place of business in Ojai, California.

VERIFIED COMPLAINT - 1

SHANNON L. MCDOUGALD P.S.
2812 East Madison St., Suite IV
Seattle, Washington 98112
Phone: (206) 448-4800
Fax: (206) 448-4801

3.  Defendant H. ALEXANDER ELLIOT ("Defendant Elliot"), on information and belief, is a United States citizen and a resident of Ojai, California.

## II.  JURISDICTION, VENUE AND JURY DEMAND

4.  There is complete diversity between Mr. Cats and each of the defendants, and all are subject to the personal jurisdiction of this Court.

5.  The amount in controversy exceeds $75,000 exclusive of interest and costs.

6.  Therefore, pursuant to 28 U.S.C. §1332, this Court has jurisdiction over this matter.

7.  The Court also has jurisdiction over this matter under 28 U.S.C. §1331 because Mr. Cats has asserted a claim under the laws of the United States, namely for violation of 15 U.S.C. §78j(b), a portion of the Securities Act of 1934, and 17 C.F.R. §240.10(b), the SEC Rule promulgated thereunder.

8.  The Western District of Washington is the proper venue for this action pursuant to 28 U.S.C. §1391(a)(2), as a substantial amount of the events giving rise to the claim herein occurred in this district, and the property that is the subject of this claim is ostensibly within this district.

9.  Mr. Cats demands a trial by jury for this matter.

## III.  FACTS

10. At the time Defendant Elliot began his company Nextalarm.com Inc., Mr. Cats had an ongoing business in the alarm services industry, and was very familiar with the industry, its workings and key contacts in the industry. Mr. Cats also had a significant amount of equipment pertinent to the business.

11. Defendant Elliot was familiar with Mr. Cats and his ongoing business, and was aware of Mr. Cats' expertise in the business.

VERIFIED COMPLAINT - 2

12. In an effort to grow the business of Nextalarm.com Inc., Defendant Elliot sought a partnership with Mr. Cats, wherein Mr. Cats would receive a significant stake in the company for his assistance with money, equipment, services, referrals and ideas for Nextalarm.com Inc.

13. Mr. Cats agreed to assist Defendants, and initially advanced $35,000 to Nextalarm.com Inc. while a written agreement was to be drafted by Defendants.

14. On or about October 31, 2001, in King County, Washington, Defendant Elliot presented to Mr. Cats a stock certificate for 1,500 shares of Nextalarm.com Inc. A true and correct copy of the stock certificate is attached hereto as Exhibit A.

15. Defendant Elliot signed the stock certificate as both President and Secretary of Nextalarm.com Inc.

16. At the same time as Mr. Cats was provided with the stock certificate, Defendant Elliot provided Mr. Cats with a memorandum and promissory note. A true and correct copy of that document is attached hereto as Exhibit B.

17. The memorandum provided that the 1,500 shares in Nextalarm.com represented "15% of the company as calculated against the shares already issued."

18. The document went on to "acknowledge receipt of the sum of $35,000.00 (Thirty Five Thousand Dollars) in US funds from Ronald H. Cats."

19. Additionally, it stated, "As part of this transaction, stock certificate # 5, in the amount of 1500 shares has been issued, unencumbered, to Ronald H. Cats[.]"

20. As with the stock certificate, the memorandum and promissory note was signed by Defendant Elliot both on his own behalf and on behalf of Nextalarm.com Inc.

21. The memorandum again noted that the final draft of a stock agreement would "be here soon." Nonetheless, no such agreement was ever presented to Mr. Cats.

VERIFIED COMPLAINT - 3

SHANNON L. MCDOUGALD P.S.
2812 East Madison St., Suite IV
Seattle, Washington 98112
Phone: (206) 448-4800
Fax: (206) 448-4801

22. In addition to the $35,000 noted in the memorandum, Mr. Cats provided Nextalarm.com Inc. with a $99,000 credit for services from his company, CenCom Inc., a Washington corporation with its principal place of business in Seattle, Washington. CenCom Inc. provided monitoring services to Nextalarm.com Inc. without charge as a result of the credit. CenCom Inc. also provided download services to Nextalarm.com Inc. without charge.

23. Later on, Mr. Cats invested an additional $25,000 in Nextalarm.com Inc.

24. Mr. Cats also provided Defendants with equipment for use in establishing and growing the business, including testing cords and several alarm receivers.

25. The $60,000 in cash, $99,000 credit for services, along with the services and equipment provided, were all provided pursuant to a promise from Defendant Elliot to provide Mr. Cats with a 40% share in Nextalarm.com Inc.

26. Defendant Elliot also sought Mr. Cats' advice and alarm services expertise as he grew Nextalarm.com Inc., visiting Mr. Cats in Seattle, Washington and the Miami, Florida area in order to discuss strategies, marketing and product development.

27. Mr. Cats even referred a significant number of clients to Nextalarm.com Inc., including Costco. Mr. Cats did so with the understanding that he was assisting a company in which he held a substantial interest, and not simply helping a potential competitor.

28. Mr. Cats did not receive any further stock certificates from Nextalarm.com Inc., despite his provision of money, services, equipment, ideas and referrals described above to Nextalarm.com Inc.

29. At no point in time has anyone approached Mr. Cats seeking to repurchase the 1,500 shares of Nextalarm.com Inc. that were issued to him.

VERIFIED COMPLAINT - 4

SHANNON L. MCDOUGALD P.S.
2812 East Madison St., Suite IV
Seattle, Washington 98112
Phone: (206) 448-4800
Fax: (206) 448-4801

30. Nextalarm.com has not paid Mr. Cats any amount at any time for the money, services, equipment, ideas or referrals he provided to Nextalarm.com Inc., all of which were provided pursuant to an agreement to provide Mr. Cats with a 40% equity position in Nextalarm.com Inc.

31. Mr. Cats has learned that on or before May 1, 2008, LaserShield Systems, Inc. acquired Nextalarm.com Inc., which is now apparently a wholly owned subsidiary of LaserShield Systems, Inc.

32. On information and belief, LaserShield Systems, Inc. ("LaserShield") is a company incorporated in the State of New Mexico, with its principal place of business in Las Cruces, New Mexico.

33. Despite apparently purchasing the entirety of the Nextalarm.com Inc. business, Mr. Cats did not receive any compensation for the 1,500 shares in Nextalarm.com Inc. represented by the stock certificate, or for the 40% ownership promised to Mr. Cats for his provision of money, services, equipment, ideas and referrals.

34. When Mr. Cats sought to obtain payment for his ownership position as a result of the acquisition of Nextalarm.com Inc. by LaserShield, not only was his request rejected, but a lawyer for Nextalarm.com Inc. threatened him with being "held accountable without limitation for [ ] tortious interference, abuse of process and bad faith."

### IV.   FIRST CAUSE OF ACTION
### PROMISSORY ESTOPPEL—NEXTALARM.COM INC. AND
### H. ALEXANDER ELLIOT

35. Plaintiff incorporates by reference as though fully set forth herein paragraphs 1 through 34 above.

36. Reasonably relying on Defendant Elliot's promise on behalf of Nextalarm.com Inc. to provide shares amounting to a 40% interest in Nextalarm.com Inc.,

VERIFIED COMPLAINT - 5

SHANNON L. MCDOUGALD P.S.
2812 East Madison St., Suite IV
Seattle, Washington 98112
Phone: (206) 448-4800
Fax: (206) 448-4801

Mr. Cats provided Nextalarm.com Inc. with $60,000 in cash and a credit of $99,000 in services, along with other services, equipment and ideas.

37. Defendant Elliot and Nextalarm.com Inc. expected that Mr. Cats would rely upon the promise, and freely accepted the benefits of that reliance.

38. Despite accepting the money, services, equipment, ideas and referrals provided by Mr. Cats, Defendant Elliot and Nextalarm.com Inc. failed to issue shares equaling 40% of the shares in Nextalarm.com Inc.

39. Injustice can be avoided only by providing Mr. Cats with the equivalent of a 40% share in Nextalarm.com Inc. prior to its acquisition by LaserShield.

## V.  SECOND CAUSE OF ACTION
## BREACH OF CONTRACT—NEXTALARM.COM INC.

40. Plaintiff incorporates by reference as though fully set forth herein paragraphs 1 through 39 above.

41. In consideration for the first $35,000 in cash provided to Nextalarm.com Inc. by Mr. Cats, Nextalarm.com Inc. issued a stock certificate to Mr. Cats representing 1,500 unencumbered shares in the company, equivalent to a 15% share in the company.

42. As a result of the acquisition of Nexalarm.com Inc. by LaserShield on or before May 1, 2008, Mr. Cats should have received compensation for the value of those shares.

43. Mr. Cats has not received compensation for the value of the shares, nor for the value of the additional shares that he had been promised.

44. By failing to compensate Mr. Cats for his shares, Nextalarm.com Inc. has breached its contract with Mr. Cats by transferring his shares without consideration therefor.

VERIFIED COMPLAINT - 6

SHANNON L. MCDOUGALD P.S.
2812 East Madison St., Suite IV
Seattle, Washington 98112
Phone: (206) 448-4800
Fax: (206) 448-4801

45. That breach has caused Mr. Cats damages in an amount to be determined at trial, but not less than $150,000.

## VI. THIRD CAUSE OF ACTION
## UNJUST ENRICHMENT—NEXTALARM.COM INC. AND H. ALEXANDER ELLIOT

46. Plaintiff incorporates by reference as though fully set forth herein paragraphs 1 through 45 above.

47. Defendants Nextalarm.com Inc. and H. Alexander Elliot accepted cash and services from Mr. Cats without repayment.

48. The cash provided by Mr. Cats totaled $60,000.

49. The services credited by Mr. Cats totaled $99,000.

50. By provision of the cash, services, equipment, ideas and referrals, and the failure to provide Mr. Cats with payment for his share of Nextalarm.com Inc. on its acquisition by LaserShield or to repay Mr. Cats for his provision of cash, services, equipment, ideas and referrals, Defendants were unjustly enriched.

51. That unjust enrichment has caused Mr. Cats damages in an amount to be determined at trial, but not less than the value of the cash, services, equipment, ideas and referrals provided.

## VII. FOURTH CAUSE OF ACTION
## VIOLATION OF SECURITIES ACT OF 1934 §10(B) AND 17 C.F.R. §240.10(B)(5)—NEXTALARM.COM INC. AND H. ALEXANDER ELLIOT

52. Plaintiff incorporates by reference as though fully set forth herein paragraphs 1 through 51 above.

VERIFIED COMPLAINT - 7

SHANNON L. MCDOUGALD P.S.
2812 East Madison St., Suite IV
Seattle, Washington 98112
Phone: (206) 448-4800
Fax: (206) 448-4801

53. In accepting money, services, equipment, ideas and referrals from Mr. Cats, Defendant Elliot, on his own behalf and on behalf of Nextalarm.com Inc., purportedly sold shares in Nextalarm.com Inc. to Mr. Cats.

54. In actuality, Defendants Elliot and Nextalarm.com Inc. sought to manipulate and deceive Mr. Cats into providing money in exchange for a share certificate that Defendants had no intention of honoring as reflective of an ownership interest in Nextalarm.com Inc.

55. Additionally, Defendants Elliot and Nextalarm.com Inc. sought to manipulate and deceive Mr. Cats into providing additional contributions of money, services, equipment, ideas and referrals for a promise of future additional ownership shares in Nextalarm.com Inc., though Defendants had no intention of honoring their promise by providing such shares in Nextalarm.com Inc.

56. Defendants committed the acts above with a wrongful state of mind, in that they openly embraced the intent to deceive, manipulate and defraud Mr. Cats.

57. Mr. Cats reasonably relied upon the fraudulent and manipulative conduct by Defendants in providing money and services to Defendants.

58. The money and services were provided only because of Defendants' fraud and manipulation of Mr. Cats regarding his receipt of shares of Nextalarm.com Inc.

59. Those actions have caused Mr. Cats damages in an amount to be determined at trial, but not less than the value of a 40% interest in Nextalarm.com Inc. as of the time of its acquisition by LaserShield.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

VERIFIED COMPLAINT - 8

SHANNON L. MCDOUGALD P.S.
2812 East Madison St., Suite IV
Seattle, Washington 98112
Phone: (206) 448-4800
Fax: (206) 448-4801

1.  That Defendants' promise that Mr. Cats would receive a 40% interest in Nextalarm.com Inc. be enforced, and that he be deemed to have had a 40% interest in Nextalarm.com Inc. prior to its acquisition by LaserShield;

2.  That Mr. Cats receive compensation commensurate with that 40% interest at the time of acquisition of Nextalarm.com Inc. by LaserShield;

3.  That Mr. Cats be awarded attorneys' fees and costs of suit as the Court deems appropriate;

4.  That Mr. Cats be awarded pre- and post-judgment interest as the Court deems appropriate; and

3.  That the Court grant to Mr. Cats any additional amounts as are just and proper.

DATED this 21st day of July, 2008.

SHANNON L. MCDOUGALD P.S.

By _____
Shannon L. McDougald, WSBA #24231
C. N. Coby Cohen, WSBA #30034
Attorney for Plaintiff

## VERIFICATION

I, Ronald H. Cats, declare as follows:

1.  I am over 18 years of age, and am competent to testify to the information contained in this Complaint.

2.  I have personal knowledge of the facts set forth in the Complaint, and such facts are wholly accurate to the best of my knowledge.

VERIFIED COMPLAINT - 9

SHANNON L. MCDOUGALD P.S.
2812 East Madison St., Suite IV
Seattle, Washington 98112
Phone: (206) 448-4800
Fax: (206) 448-4801

3. I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED this 18th day of July, 2008.

_____
Ronald H. Cats

VERIFIED COMPLAINT - 10

# EXHIBIT A

Case 2:08-cv-01096-RSM Document 1 Filed 07/21/08 Page 12 of 14



# EXHIBIT B

# Memorandum

To: Ron H. Cats

From: Alex Elliot

Date: 10/31/2001

Re: Stock purchase

---

Ron,

In the interests of good faith, while I get this agreement worked out, I've issued a stock certificate for 1500 shares. This represents 15% of the company as calculated against the shares already issued.

The agreement, so says my attorney, is complicated and taking time to finish. Due in large part to his schedule and the fact that he's doing me a favor at minimum cost.

The complications are not due to issuing stock, but to the requests that I have made to make contingency plans in the event of a problem with IDC.

I'm assured that the final draft will be here soon, certainly before I leave for Seattle on Monday.

Following is a note, to cover you on the money you've graciously advanced.

Promissory Note:

I H. Alexander Elliot hereby acknowledge receipt of the sum of $35,000.00 (Thirty Five Thousand Dollars) in US funds from Ronald H. Cats.

These are funds are good faith advances as part of a transaction in which Ronald H. Cats is purchasing a 40% equity position in Nextalarm.com Inc, a Nevada Corporation.

I, H. Alexander Elliot accept personal liability for these funds, pending the completion of the stock purchase referred to above and undertake to return these funds to Ronald H. Cats in the event that this transaction does not complete by the end of Calendar 2001.

It is the intent of both parties to complete the stock purchase transaction as soon as possible.

As part of this transaction, stock certificate # 5, in the amount of 1500 shares has been issued, unencumbered, to Ronald H. Cats and will be accounted for in the final stock purchase agreement.

H. Alexander Elliot

Nextalarm.com Inc

H. Alexander Elliot, President